[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
By complaint dated September 5, 2000 the plaintiff, John A. Pierce commenced this action seeking a dissolution of marriage on the grounds of irretrievable breakdown and other relief. The defendant appeared through counsel and filed an answer and cross-complaint dated January 25, 2001. Both parties appeared with counsel on March 23, 2001, April 9, 2001 and May 1, 2001 and the plaintiff proceeded on his complaint. The parties presented testimony and introduced documentary evidence. Counsel filed post trial briefs. The court, after hearing the testimony and reviewing the exhibits and briefs, makes the following findings of fact.
The plaintiff married the defendant (whose prior married name was Paula Jean Fish and whose maiden name was Paula Jean Boisclair) on August 16, 1999 in Wethersfield, Connecticut. He has resided continuously in the State of Connecticut for at least 12 months next preceding the filing of the complaint. All statutory stays have expired. No minor children have been born to the defendant since the date of the marriage. The court further finds that neither party has been the recipient of any aid from the State of Connecticut or any municipality thereof.
The plaintiff is 78 years old and in somewhat declining health. He is licensed to practice medicine and has done so for many years, principally as a sole practitioner. Prior to his marriage to the defendant he was married five times, twice to the same woman. The defendant was married twice before the instant marriage. She is 49 years of age and is employed as a certified nurse mid-wife and holds a masters degree in nursing from Yale University.
On July 26, 1999, the parties entered into an agreement entitled "Agreement in Contemplation of Marriage." The plaintiff, as part of said agreement disclosed to the defendant the following: gross weekly income from his medical practice of $1,635 and net assets of $556,000. On his financial affidavit of May 23, 2001 he reported his gross weekly income from his medical practice of $911 and his net assets of $465,000. The defendant's disclosure as part of the July 26, 1999 agreement revealed a gross weekly income of $1,000, bank accounts of $650, a TIAA/CREF of $26,000, student loans of $52,600 and a tuition liability for her daughter of $6,500. On her financial affidavit of May 21, 2001 she reported her gross weekly income as $1,131, bank accounts in the amount of $1,000, a TIAA/CREF of $32,000, a credit card debt of $300 and a student loan balance of $46,000. The court finds that the financial condition of the plaintiff during the marriage has substantially decreased while that of the defendant has increased.
The parties met as the result of an advertisement in the Hartford Courant in March of 1999. After a brief courtship the parties agreed to CT Page 9191 marry. The expenses of the courtship were paid for by the plaintiff. In addition, the plaintiff provided the defendant with a new car which he had leased for two years and had prepaid the lease payments. Prior to their meeting the financial condition of the defendant was precarious and she had in the recent past filed for bankruptcy. The defendant disposed of most of her personal belongings and moved into the plaintiff's home. Financially, he treated her and her daughter very well. Shortly after they married the parties encountered difficulties with the defendant claiming the plaintiff was alcohol dependent and the plaintiff claiming the defendant was loud, overbearing and not what he expected. The court finds that the marriage broke down as a result of the actions of both parties and they are equally to blame for the breakdown.
The plaintiff claims that the agreement of the parties should control whereas the defendant argues against its enforcement. It should be noted that the defendant had entered into a pre-nuptial agreement in her previous marriage whereas the plaintiff had not. It is clear from the defendant's own testimony that all of the statutory criteria set forth in Connecticut General Statute Sec 46b-36g(c). The defendant, however, claimed the plaintiff failed to mention he had a timeshare and had been married more times than he had told the defendant and she would not have married him otherwise. The timeshare omitted by the plaintiff in his premarital disclosure was worthless and was sold at a loss. Further, the court finds that the defendant would have married the defendant notwithstanding the number of his previous marriages. The defendant saw her marriage to the plaintiff as a way out of financial difficulty for her and her daughter.
Accordingly, the court finds the pre-nuptial agreement of the parties to be enforceable and shall control the rights and responsibilities of the parties. Judgment of dissolution of marriage may enter on the grounds of irretrievable breakdown.
BY THE COURT
JOHN R. CARUSO, J.